O’NIEBL,' Chief Justice.
 

 The recorder of mortgages for the parish of Orleans has appealed from a judgment ordering him to cancel three mortgages securing an indebtedness of $3,031.77, which the moth
 
 *316
 
 er and natural tutrix of a minor child, owes to the child.
 

 The three mortgages which the recorder was ordered to cancel are: First, a mortgage dated the 31st of October, 1927, resulting from an adjudication to the mother of the interest of the child in certain property owned by them in common; second, a special mortgage dated the 4th of November, 1927, given by the mother to secure the child’s interest in the estate of the deceased father; and, third, a mortgage dated the 28th of. July, 1933, resulting from an adjudication to the mother of the interest of the child in certain property owned by them in common.
 

 On the 10th of August, 1933, under authority of an order of court, in a proceeding brought by the tutrix of the minor child, and with the concurrence of the undertutor, Mrs. Bowers, the tutrix, gave a special mortgage on .property worth $4,500, in lieu of the three former mortgages, to secure the indebtedness of $3,031.77. There-is no other mortgage or lien on the property on which the new mortgage is given. Before giving the new mortgage, in lieu of the three former mortgages, Mrs. Bowers filed a petition in court, with an itemized account of her child’s claim against her, and asked that the account should be examined and approved by the judge, and that the indebtedness should be thereby judicially determined, and fixed by a judicial decree. The undertutor approved the account; and the judge, after due consideration, rendered his decree, approving the account and declaring the indebtedness, shown thereby, to be liquidated and fixed at $3,031.77. Mrs. Bowers then filed a petition in court, describing the property on which she proposed to give the special mortgage in lieu of the existing mortgages, and she asked the judge to appoint two expert appraisers to appraise the property, to be assured that its value exceeded by at least 25 per cent, the amount of the indebtedness, as required by article 331 of the Civil Code. The under-tutor joined in the petition. The judge appointed the two expert appraisers, and they, after making the appraisal, reported to the. judge that the property on which Mrs. Bowersr proposed to give the new mortgage was well worth $4,500. The undertutor concurred in the appraisal. Mrs. Bowers then, with the concurrence of the undertutor, filed a petition setting forth the proceedings already had. and praying' for an order of court authorizing her to give the new mortgage in lieu of the three existing mortgages. She showed that there was no necessity for having a family
 
 meeting,
 
 and asked that the family meeting should be dispensed with, under the provisions of Act No. 110 of 1920, as amended by Act No. 319 of 1926. The judge approved the proposition of Mrs. Bowers and the under-tutor, dispensed with the holding of a family meeting, approved the appraisal of $4,500, and authorized Mrs. Bowers to give the special mortgage in lieu of the three existing mortgages in favor of the minor child. After the new mortgage was recorded, Mrs. Bowers presented a petition to the judge, with a certified copy of the act of mortgage and a certificate of its registry, and prayed that the court should accept the new mortgage on behalf of the minor child, in lieu of the three former mortgages, which should be ordered canceled from the mortgage records. The undertutor concurred in the petition. The judge, after due consideration.
 
 *318
 
 rendered an order accepting the new mortgage on hehalf of the minor child, in lieu of the three former mortgages, which the judge ordered canceled from the mortgage records. The recorder refused to cancel the three former mortgages, on the ground that there were irregularities or omissions in the proceedings, which we shall refer to specifically hereafter. Mrs. Bowers then petitioned the judge for a rule on the recorder 'to show cause why he should not cancel the three former mortgages, as the judge had ordered him to do. Answering the rule, the recorder averred that the proceedings in which Mrs. Bowers obtained the order of court authorizing her to substitute the new mortgage for the three 'former mortgages were irregular in the following particulars: First, that articles 325, 326, 327, 328, and 329 of the Civil Code were not read to the undertutor, as required by article 330 of the Civil Code, and that the undertutor did not know of these articles of the Code; second, that the title to the property proposed to be mortgaged was not laid before the undertutor or inspected by him or by the judge, as required by article 327 of the Civil Code; third, that no mortgage certificate was presented to the under-tutor, as required by article 328 of the Civil Code; and, fourth, that the value of the property newly mortgaged did not exceed by one-fourth the indebtedness of $3,031.77, because, as the recorder alleged, he believed that there were paving liens which reduced the margin of security. After trial of the rule, the judge made it absolute, again ordering the recorder to cancel the three prior mortgages. He has appealed from the decision.
 

 Opinion.
 

 Act No; 319 of 1926, amending and re-enacting Act No. 110 of 1920, does away with the necessity for having a family meeting in matters concerning minor children or interdicts. All that the statute requires in that respect is that the tutor of the child, or curator of the interdict, as the case may be, shall present to the judge having jurisdiction of the matter, in which formerly a family meeting was required, a declaration of the subject-matter to -be determined, affecting the interest of the minor child or the interdict, together with the tutor’s or curator’s recommendations in the premises, and the under-tutor’s or under curator’s concurrence in the recommendations; and the judge shall consider the matter on the presentation thus made, and if he approves the recommendations he shall enter a decree of homologation, which shall have the same force and effect as if a family meeting had been held. The statute declares that, under these conditions, a family meeting shall be dispensed with “in every instance in which under any provision of law whatsoever * * * a family meeting is required to deliberate and recommend with reference to the interest of any minor or ■ interdict.”
 

 Article 330 of the Civil Code makes it the duty of the notary public before whom a family meeting is held, for any of the purposes mentioned in articles 325 to 329, inclusive, to read these five articles to the members of the family meeting and to the under-tutor. Our opinion, however, is that a reading of these articles to the undertutor is not essential to the validity of the proceedings in a case where there is no family meet
 
 *320
 
 ing, and where the proceedings are conducted in strict compliance with the provisions of Act No. 319 of 1926, and where there is no imposition upon or injury to the minor child or the interdict, as the case may he. Article 825 merely authorizes a natural, tutor, on the recommendation of a family meeting, to give a special mortgage, in lieu of the general mortgage resulting from the tutorship to secure the rights and property of the child. Article 326 merely authorizes a change of the special mortgage given by a tutor, on the recommendation of a family meeting. Article 327 declares that the title of the property proposed to be mortgaged shall be laid before the family meeting and shall be carefully inspected by the undertutor and the judge. Article 328 requires that a certificate of mortgages shall be presented at the family meeting, showing what mortgages if any are recorded against the property proposed to be mortgaged, and that the undertutor shall attend the family meeting, and shall refuse to approve the recommendations thereof if he is not satisfied therewith or with the title or value of the property proposed to be mortgaged. Article 329 provides merely that all costs of the proceedings for the giving of a specjal mortgage by a tutor shall be paid by him. Article 330, as we have said, declares:
 

 “It is hereby made the duty of all public officers [meaning notaries public] before whom family meetings shall be called for the purposes' above mentioned, to read the five preceding articles to them, and to the under-tutors; and any officer [notary public] failing to perform this duty shall be responsible for any loss arising from such neglect, either to the undertutor or to the minors.”
 

 It must be borne in mind that this article of the Civil Code imposes this duty, of reading the five preceding articles to the members of the family meeting and to the under-tutor, upon officers, meaning notaries public, before whom family meetings are called. The duty is not imposed upon any one else, where there is no family meeting and no notary public or other officer, to read the five articles of the Code to the undertutor. It is proper, of course, and perhaps essential, in such a case, for the undertutor to be advised and informed of the pertinent provisions of these five articles of the Code, and in fact of any and all laws relating particularly to the duties of the undertutor in the premises. In this instance, as the record shows, the attorney for the tutrix explained to her and to the undertutor all of these provisions of the Civil Code on the subject of her proposal to give a new mortgage in lieu of the three mortgages then existing. Such an explanation on the part of the attorney at law was far better protection to the minor child, and better advice to the undertutor, than a perfunctory reading of the five articles of the Civil Code would have been. It was certainly not the ministerial duty, or a duty imposed by a mandate of the law, for the attorney or any one else, other than a notary public holding a family meeting, to read to the under-tutor articles 325 to 329 of the Civil Code. There was no error in the proceedings in that respect.
 

 The complaint that the title to the property proposed to be mortgaged was not inspected by the undertutor or by the judge is not well founded. The undertutor, in his concurrence in the petition of the tutrix to be authorized to give the mortgage, averred that
 
 *322
 
 he was satisfied with the title to the property. The record discloses that the judge was acquainted with the title, and, by his order, authorizing the tutrix to give the mortgage, the judge virtually expressed his approval of the title. The presumption is that the judge did his duty in that respect.
 

 The complaint founded upon article 328 of the Code, that the tutrix did not “present at the family meeting” a certificate of mortgages, is, of course, based upon the fact that there was no family meeting. A certificate of mortgages, however, was presented to the undertutor before the tutrix applied to the judge to order the'three existing mortgages in favor of the minor child canceled, and the certificate showed that two of these mortgages were'the only mortgages affecting the property on which the tutrix proposed to give the new mortgage. These two former mortgages are two of the three that are to be canceled, and the effect of the cancellation will be to free the property from all but the new mortgage in favor of the minor child.
 

 The complaint that the value of the property newly mortgaged did not exceed by one-fourth the minor child’s claim of $3,031.77 was founded upon the belief of the recorder of mortgages that there were paving liens on the property. The record shows that there is no paving lien on the property, and that it is in fact worth $4,500.
 

 In affirming the judgment appealed from, we commend the solicitude of the attorney for the recorder of mortgages, in the performance of his official duty, to protect the interests of minor children in matters of this kind.
 

 The judgment is affirmed.